UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN W. SHORT,

      Plaintiff,

v.                                  Case No. 3:24cv507-TKW-HTC

C/O SHERIFF D. NELSON,

      Defendant.

_____/

ORDER AND
REPORT AND RECOMMENDATION

      Plaintiff Steven W. Short ("Short"), a pretrial detainee proceeding *pro se* and seeking to proceed *in forma pauperis*, Doc. 2,[1] has filed a "Notice of Action," Doc. 1, which the clerk docketed as a complaint under 42 U.S.C. § 1983.  Upon review the undersigned finds this action should be DISMISSED *sua sponte* as frivolous.

      Short is currently incarcerated at the Walton County Jail pending charges for possession of a weapon or ammunition by a convicted felon.  *State of Florida v. Short*, 24-CF-206, Circuit Court of the First Judicial Circuit in and for Walton County, Florida.[2]  In the Notice of Action, Short names one defendant, D. Nelson,

---

[1] The motion shall be DENIED because it is incomplete and, as set forth herein, this action is frivolous.  *See Belcher v. Wilson*, 2010 WL 3237822, at *1 (N.D. Fla. Aug. 16, 2010) ("An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous.") (internal citations omitted).

[2] According to the electronic docket, https://waltonclerk.com/courtrecords, last accessed October 17, 2024, the circuit court appointed an expert to evaluate Short's competency to stand trial in July

whom he identifies as a "Sheriff C/O."  His "Description of Action," in its entirety (and without correction) is as follows:

> Demanded relief in the amount of $130,000.00 do to the actions of violating Rules 30.15 Powers, Duties and Obligations of Sheriffs and § 63:425, Delay of Destruction of mail violation of 1970 Amendments, for proof pull video footage on august through October 2024 at (WCJ).

Doc. 1.

This action should be dismissed under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, *et seq.*, because it is frivolous.  *See* 28 U.S.C. § 1915A (directing courts to screen complaints filed by prisoners seeking relief against a governmental employee and dismiss the complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); *see also* § 1915(e)(2)(B) (applying same screening standard to an action filed by a plaintiff seeking to proceed *in forma pauperis*).  Indeed, under § 1915A, when a prisoner is seeking recovery against a government employee, the Court must screen the complaint and determine whether it should be dismissed "before docketing, if feasible or, in any event, as soon as practicable after docketing".  28 U.S.C. § 1915A.

First, the Court has repeatedly told Short he *cannot* initiate a civil action by filing a "Notice of Action."  *See e.g.*, *Short v. Alldredge, et al.*, N.D. Fla. Case No.

---

2024.  It is unclear whether an evaluation has been conducted or a competency determination made.

3:24cv403-LC-HTC; Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); N.D. Fla. Loc. R. 5.7(A) (stating: (1) a *pro se* litigant must file a civil rights complaint on the Court's standard form; and (2) the Court need not—and ordinarily will not—consider a complaint not filed on the proper form). Nonetheless, on October 15, 2024, Short filed at least 6 other "Notices of Action" with this Court.[3]

Second, this Court has also previously told Short that his allegations must meet the requirements of Federal Rule of Civil Procedure 8, and a listing of rules or statutes, without more, is simply deficient under Rule 8. *Short v. Alldredge, et al.,* 3:24cv403-LC-HTC. Nonetheless, that is, once again, what Short has submitted to the Court.

Third, Short cannot state a claim based on a violation of a criminal procedural rule because this type of violation does not rise to the level of a constitutional violation.[4] Thus, Nelson's failure to follow Fla. Stat. § 30.15,[5] setting forth the obligations of a Sheriff, even if applicable and true, does not amount to a constitutional violation. *Cook-Bey v. Jackson*, 2019 WL 3213718, at *6 (M.D. Ala.

---

[3] Also, Short has attempted to file a "Notice of Action" on behalf of others, even though he is not a lawyer. *See Allen v. Adkinson*, 3:24cv454-TKW; *LaFountain v. Adkinson*, 3:24cv449-LC; and *O'Neil v. Adkinson*, 3:24cv448-TKW.

[4] This Court previously told Short in *Short v. Alldredge, et al.,* 3:24cv403-LC, at Doc. 12 (report and recommendation currently pending) that he cannot state a claim based on a violation of a criminal procedural rule.

[5] While Short also references "63:425," the Court is unable to discern what specific rule, regulation, or statute Short relies upon.

June 12, 2019), *report and recommendation adopted*, 2019 WL 3208364 (M.D. Ala. July 16, 2019) (quoting *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (finding "there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations")); *see also Cappetta v. Wainwright*, 433 F.2d 1027, 1030 (5th Cir. 1970) ("the state's failure to follow certain procedures outlined in the state's criminal code … do not present federal constitutional violations.").

The PLRA's screening requirement is "sometimes referred to as a frivolity review," and vests district courts "with broad discretion in determining whether to dismiss an action as frivolous or malicious . . . ." *Daker v. Ward*, 999 F.3d 1300, 1307 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 2716 (2022) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (addressing frivolity review in *in forma pauperis* proceedings)). A frivolous action under the PLRA is one lacking "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). Moreover, the PLRA dictates that a court conduct this screening "before docketing if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A.

There can be no dispute that this action is frivolous. It has no basis in fact or law. The only understandable provision referenced by Short, Fla. Stat. § 30.15, in the Notice of Action does not entitle Short to any relief against Nelson under § 1983.

Moreover, Short has been repeatedly told he cannot initiate a civil action by filing a notice of action – particularly one that fails to contain a short and plain statement showing why he is entitled to relief, as required by Rule 8.[6]  Nonetheless, Short continues to flood this Court with nonsensical deficient filings that have no basis in law or fact.  And, because this action is frivolous, any amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed.").

      Accordingly, it is ORDERED:

1.     The motion to proceed *in forma pauperis*, Doc. 2, is DENIED as incomplete and because this action is frivolous.

      And it is RECOMMENDED:

1.     That this case be DISMISSED as frivolous under 28 U.S.C. §§ 1915A; 1915 (e)(2)(B).

2.     That the clerk be directed to close the file.

---

[6] As stated above, Short submitted 7 notices of action on the same day.  In the notice of action against Ryan A. McCormick, whom Short identified as a Sheriff's Captain, he alleged the same violation of Fla. Stat. 30.15.  *See Short v. McCormick*, 3:24cv505-LC-HTC.  That matter is pending a report and recommendation for dismissal on similar grounds.

At Pensacola, Florida, this 21st day of October, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.